**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EDWARD ALAN PORTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 06-CV-0083-CVE-SAJ |
| | ) |
| **MIKE ADDISON, Warden,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2002-2880. See Dkt. #1. The docket sheet provided by Respondent reflects that on August 30, 2002, Petitioner was sentenced following his conviction on his pleas of guilty to First Degree Burglary (Count 1) and of *nolo contendere* to Attempted Rape (Count 2). See Dkt. # 10, Ex. A at 3. He was sentenced to twenty (20) years imprisonment on Count 1, and to forty (40) years imprisonment on Count 2, to be served concurrently. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

However, on September 2, 2003, Petitioner filed a motion for judicial review. See id. at 5. On September 22, 2003, the motion for judicial review was denied. Id.

Petitioner made no effort to challenge his convictions and sentences for more than a full year. On November 20, 2003, almost fifteen (15) months after being sentenced, Petitioner filed his first application for post-conviction relief. Id. at 5-6. In that application, Petitioner raised the two (2) claims identified as grounds one and two in both of the federal petitions (Dkt. ## 1 and 2). The first application for post-conviction relief was denied by order filed December 23, 2003. Id. at 6. Petitioner appealed to the OCCA, and by order filed February 6, 2004, in Case No. PC-2004-52, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. B.

On July 28, 2005, or more than seventeen (17) months after the OCCA affirmed the denial of his first application for post-conviction relief, Petitioner filed a second application for post-conviction relief. See Dkt. # 10, Ex. A at 7. In the second application, Petitioner raised a claim of "illegal sentencing." That claim is the third ground of error raised in the first federal petition (Dkt. # 1). On September 9, 2005, the state district court denied the second application for post-conviction relief. Id. Petitioner filed a post-conviction appeal. By order filed December 15, 2005, in Case No. PC-2005-956, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 10, Ex. C.

On January 30, 2006, Petitioner filed a federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. Because Petitioner failed to sign the petition, he filed a second petition (Dkt. # 2) on February 3, 2006.[1] Thereafter, the action was transferred to this Court where it was received for filing on February 8, 2006. See Dkt. # 3.

---

[1] In the second petition, Petitioner omitted the third claim as identified in the first petition. That omission does not impact the Court's conclusion that this action is time-barred.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty and *nolo contendere* pleas in Case No. CF-2002-2880, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentence, or on September 9, 2002. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10)

3

days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on September 9, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after September 9, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period.[2] Both of Petitioner's applications for post-conviction relief were filed after the September 9, 2003, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations

---

[2]Petitioner filed a motion for judicial review in the state district court on September 2, 2003, prior to expiration of the federal limitations period. Oklahoma law provides that a petitioner may seek judicial review and modification of a sentence pursuant to Okla. Stat. tit. 22, § 982a, a statutory provision allowing a district court to modify a sentence within twelve months after the sentence is imposed. The district court docket sheet for Petitioner's case reflects that his motion was denied on September 22, 2003. However, Oklahoma's sentence modification procedure "is not part of the direct review process under Oklahoma law." Williams v. Beck, No. 04-6184, 2004 WL 2491764 (10th Cir. Nov.5, 2004) (unpublished). The Tenth Circuit Court of Appeals has indicated in an unpublished opinion that Oklahoma's statutory procedure for modifying sentences does not toll the § 2244(d)(1) limitation period. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished) (acknowledging in a footnote that the petitioner had sought judicial review under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period"). As in Nicholson, Petitioner's motion for judicial review does not serve to toll the § 2244(d)(1) statute of limitations applicable to Petitioner's conviction in Tulsa County District Court, Case No. CF-2002-2880.

period did not toll the limitations period. Therefore, this action, commenced at the earliest on January 30, 2006, appears to be untimely.

In response to Respondent's motion to dismiss, Petitioner asserts that "the procedures adopted by the Oklahoma State courts for attacking a conviction based on a plea of guilty entered by an indigent defendant with court-appointed counsel, interfered with his ability to discover and raise his ineffective assistance of counsel claims." (Dkt. # 11). As a result, Petitioner argues the Court should apply §2244(d)(1)(B) or (D) to determine the limitations period applicable to his claims. Petitioner cites Tenth Circuit precedent used to determine whether to recognize a procedural bar imposed by state courts on ineffective assistance of counsel claims. The Court rejects Petitioner's contention that cases addressing the doctrine of procedural bar are applicable to calculating the limitations period under 28 U.S.C. § 2244(d)(1)(B), (D). The Court further notes that conspicuously absent from the petition and response to the motions to dismiss are any specific factual allegations as to the date on which Petitioner discovered the factual bases for his ineffective assistance of counsel claims. As noted, the record demonstrates that Petitioner raised his ineffective assistance of counsel claim in his first application for post-conviction relief filed in the state district court on November 20, 2003. The OCCA affirmed the denial of post-conviction relief on February 6, 2004. Yet almost two (2) more years passed before Petitioner filed his federal petition. Therefore, even if the Court applied either § 2244(d)(1)(B) or (D), the claim would be time-barred because Petitioner had discovered his claim of ineffective assistance of counsel at the latest by the time he filed his first application for post-conviction relief.

Petitioner also alleges that his limitations period should be tolled due to the existence of "extraordinary circumstances." See Dkt. # 11. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner complains that "he was unable to hire separate counsel to evaluate trial counsel's performance and to develop a factual basis for any ineffective assistance claims due to his poor financial condition and his inability to get any of his family to spend any money on his defense or appeals." Dkt. # 11. However, the Court rejects Petitioner's claim that his inability to hire separate counsel constitutes "extraordinary circumstances" warranting equitable tolling of the limitations period. Petitioner's purported ignorance of the legal basis for his claims is insufficient to establish grounds for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). As discussed above, Petitioner was aware of the factual basis of his ineffective assistance of counsel claim more than two (2) years before filing his federal petition. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to circumstances beyond his control. Gibson, 232 F.3d at 808. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

The Court concludes that Petitioner is not entitled to equitable or statutory tolling of the limitations period. This action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petitions for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2. The petitions for writ of habeas corpus (Dkt. ## 1 and 2) are **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 7th day of February, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT